## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**JAMES COBB**                          **CIVIL ACTION NO. 19-0612**

                                        **SECTION P**

**VS.**

                                        **JUDGE TERRY A. DOUGHTY**

**TERRY PARISH, ET AL.**                **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Plaintiff James Cobb, a prisoner at Richland Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on May 13, 2019, under 42 U.S.C. § 1983. He names Terry Parish and Gary Gilley as defendants.[1]

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

On June 24, 2019, the undersigned ordered Plaintiff to amend his Complaint, remedy certain deficiencies, and provide specific information. [doc. # 10]. The undersigned cautioned that the Court may dismiss Plaintiff's lawsuit if he failed to comply. *Id.*

On July 23, 2019, Plaintiff filed a "Motion for Cause," asking the Court to order Warden Ricky Scott, a non-party, to retrieve his legal documents from an inmate counsel. [doc. # 11].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff maintained that he drafted a thirty-page amended pleading on July 3, 2019, in response to the undersigned's Memorandum Order directing Plaintiff to amend his Complaint. Plaintiff attempted to make a copy of his amended pleading and attachments. The rules at Richland Parish Detention Center, according to Plaintiff, required him to relinquish his documents to an "inmate counsel substitute" who would then make copies in the law library. Plaintiff did so on July 11, 2019, but the inmate counsel never returned. Plaintiff asked several officials for assistance, but none helped. Plaintiff also directed a grievance to Warden Ricky Scott, but he did not receive a response.

On July 29, 2019, the undersigned denied Plaintiff's motion to the extent he asked the Court to order the Warden to retrieve his documents. [doc. # 12]. The undersigned instructed Plaintiff to either continue attempting to retrieve his draft and amendments or to draft another amended complaint. The undersigned added: "Plaintiff need only respond to the June 24, 2019 Memorandum Order by alleging facts of which he is aware. Plaintiff should provide relevant documentation, but he is not required to do so." *Id.* The undersigned did, however, grant Plaintiff an additional thirty days to draft and file an amended pleading. *Id.*

The extended deadline to file an amended pleading passed, and Plaintiff did not file an amended pleading.

Accordingly, **IT IS RECOMMENDED** that Plaintiff James Cobb's Complaint, [doc. # 1], be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 4th day of October, 2019.

Karen L. Hayes
United States Magistrate Judge